O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BILLY PAUL SHERMAN II,            )        CASE NO. ED CV 11-00709 RZ
                                   )
                    Plaintiff,     )
                                   )        MEMORANDUM OPINION
        vs.                        )        AND ORDER
                                   )
MICHAEL J. ASTRUE, Commissioner    )
of  Social Security Administration,)
                                   )
                    Defendant.     )
                                   )

        Despite the admonition in this Court's case management order that Plaintiff
shall identify each error "and then the memorandum shall discuss the evidence and legal
authorities which justify relief as to that particular error," Order Re Further Proceedings
(Docket No. 4) at 2-3, Plaintiff's Memorandum in Support of Complaint jumbles his
argument, record references and general complaints in a way that makes it difficult to
discern exactly what he contends is the basis for reversal of the Commissioner's decision.
The Court has done its best to sort through the arguments and, having done so, affirms for
the reasons stated in this Memorandum Opinion.

        Within the section of his memorandum in which Plaintiff argues that
substantial evidence does not support the residual functional capacity found by the
Administrative Law Judge, the Court perceives the following arguments:

A.     Plaintiff states that the Administrative Law Judge erred in giving weight to the assessments of state agency physicians.  However, Plaintiff does not state any particulars as to how such weight was inappropriate, and acknowledges that the Administrative Law Judge did *not* accept these physicians' opinion as to the number of hours Plaintiff could sit or stand.

B.     Plaintiff states that the Administrative Law Judge has not properly assessed the information from Plaintiff's treating physician Dr. Wood.  The only argument the Court can actually discern here is Plaintiff's assertion that the Administrative Law Judge did not include in his residual functional capacity some of the limitations imposed by Dr. Wood.  However, Plaintiff himself notes that these limitations were part of the initial consultation with Dr. Wood, and Plaintiff points to nothing in the record indicating that these limitations continued for a period of 12 months, or were expected to do so.

C.     Plaintiff complains that the Administrative Law Judge rejected the opinion of Plaintiff's nurse practitioner, who rated Plaintiff with a score of 48 on the American Psychiatric Association's Global Assessment of Functioning scale, and who gave various other opinions of Plaintiff's mental capability.  However, the Administrative Law Judge noted, correctly, that the nurse practitioner was not an accepted medical source. [AR 34]  Accordingly, the Administrative Law Judge acted within his rights in electing not to place weight on her opinion.

D.     Plaintiff asserts that the Administrative Law Judge erred in concluding that Plaintiff had no impairment related to his left foot.  Plaintiff appears to be correct here, as it looks as if the Administrative Law Judge may have confused the left foot with the right.  However, there is no reliable indication that Plaintiff's ability to function would be any greater if the Administrative Law Judge correctly identified which leg he was talking about.  As noted, the Administrative Law Judge gave a fairly restrictive residual functional capacity, including reducing significantly the amount of time Plaintiff could stand, from what was recommended by state agency physicians.

Plaintiff also argues that the Commissioner wrongly considered two pieces of evidence that were submitted to the Appeals Council. After the hearing, Plaintiff submitted a medical report from Matilal C. Patel, M.D., and a mental residual functional capacity questionnaire from Sean Gilboy, Ph.D. The Appeals Council considered this evidence, but ruled that the new evidence did not provide a basis for changing the Administrative Law Judge's decision because the new evidence "was about a later time." [AR 2] The Appeals Council did err in its consideration of these two pieces of evidence, but the error was harmless.

It is now settled that the Court reviews the entire record, including that which was before the Appeals Council. *Brewes v. Commissioner of Social Security*, 632 F.3d 1157, 1161-63 (9th Cir. 2012). Thus, the Commissioner's argument in this Court, that the new evidence was not material, is irrelevant; the Commissioner considered it, so the issue is not whether it should have been made part of the record. The Appeals Council was wrong in concluding that the information concerned a different time. The report from Dr. Patel referenced Plaintiff's delayed union of his left tibia and arthropathy of the left knee, degenerative disc disease and PTSD [AR 647]; none of these are things that occurred, or could have occurred, in the six weeks between the Administrative Law Judge's decision [AR 36] and Plaintiff's visit to Dr. Patel [AR 647]. Likewise, the questionnaire prepared by Dr. Gilboy, referenced visits from Plaintiff between 2008 and 2010 [AR 648]; it too clearly covered the period that the Administrative Law Judge assessed.

These errors of the Appeals Council, however, do not change the result. The one-paragraph note from Dr. Patel described physical impairments that were already discussed in the record. Dr. Patel did say that Plaintiff could not perform the construction work that he used to perform, but so too did the Administrative Law Judge. Dr. Patel did also state an opinion about Plaintiff's PTSD, but this doctor had no demonstrated qualification in that area, and gave no explanation for the opinion.

Dr. Gilboy also added nothing of substance to the record. Thus, although he partially filled out a form titled Mental Residual Functional Capacity Questionnaire, he

stated that he had not examined Plaintiff, and he declined to evaluate Plaintiff's work-related activities. [AR 650] The Administrative Law Judge had found that Plaintiff's mental impairment was non-severe [AR29]. Severity is a measure of one's functional ability, 20 C.F.R. §§ 404. 1521, 416.921, and so Dr. Gilboy's questionnaire added nothing on the pertinent issues that had been before the Administrative Law Judge.

Finally, Plaintiff asserts that the Administrative Law Judge wrongly discredited his subjective complaints and assertions of pain. The law on this subject is familiar to practitioners in this area. When a claimant has an impairment that legitimately can lead to pain or other symptoms that cannot be measured objectively, the Administrative Law Judge can discredit the claimant's assertions, but must do so by providing specific and legitimate reasons for his disbelief or skepticism. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The Administrative Law Judge complied with this requirement of the law. Plaintiff takes issue with some of the Administrative Law Judge's statements, but those reflect disagreements with his findings, not an error of law.

Thus, for example, when the Administrative Law Judge found that Plaintiff's testimony of several examples of activity belied his assertion of disability, Plaintiff protested in this Court that the activity merely showed that he had tried to do things he shouldn't have tried to do. When the Administrative Law Judge found that Plaintiff's record of a substantial number of no-shows for physical therapy indicated that Plaintiff's symptoms were not as profound as he claimed, Plaintiff asserted that these no-shows were unavoidable. When the Administrative Law Judge found that Plaintiff exaggerated his symptoms, and used his reporting of knee pain as an example, Plaintiff responded that the Administrative Law Judge's finding was inconsistent with the record as a whole.

Plaintiff's arguments, however, are simply disputes over the interpretation of the evidence, and overlook the governing standard. The fact that there may be other interpretations of a claimant's testimony that are reasonable does not mean that the ALJ erred. As long as the ALJ's interpretation is reasonable and is supported by substantial

evidence, it is not the role of the Court to second-guess it.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  The interpretations of the Administrative Law Judge here are sufficient, and do not provide a basis for reversal.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:    September 28, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE